UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CCW MANAGEMENT, LLC, | ) | Civil Action No.: 4:10-cv-3218-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| GLOBAL HOLDINGS GROUP, LLC.; | ) | |
| M. MARK McADAMS; JUDY CAUSEY; | ) | |
| THEMcNAIR LAW FIRM; CRAIG | ) | |
| GARNER; WILLIAM YOUNGBLOOD; | ) | |
| and one or more John Doe Defendants | ) | |
| whose identities are currently not known | ) | |
| to Plaintiff; | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Plaintiff originally filed this action in the Court of Common Pleas, Horry County, South Carolina. Defendants The McNair Law Firm, Craig Garner and William Youngblood (the Removing Defendants) removed the action to this Court on December 17, 2010, asserting that subject matter jurisdiction was proper in this Court pursuant to 28 U.S.C. § 1331. Presently before the Court is Plaintiff's Motion to Remand (Document # 8). This matter has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).

**II.    PROCEDURAL HISTORY**

Plaintiff filed the lawsuit on November 17, 2010. The Removing Defendants are represented by the same counsel, who agreed to accept service on their behalf. Service was accomplished on the Removing Defendants on November 19, 2010. Service was effected upon Defendant McAdams by process server on November 22, 2010. Service was effected upon Defendant Global Holdings Group, LLC, (Global Holdings) by process server on November 22, 2010. Service was effected upon Defendant Causey by process server on December 7, 2010. The proofs of service were filed with the

Clerk of Court for Horry County on December 21, 2010. The Removing Defendants removed the action to this Court on December 17, 2010. They did not obtain consent for removal from Defendants McAdams, Global Holdings or Causey.

### III.  DISCUSSION

Plaintiff argues that remand is necessary for two reasons: (1) the Removing Defendants did not obtain consent from all Defendants prior to removal as required by 28 U.S.C. § 1441 and applicable case law and (2) any purported federal question is not substantial enough to support removal. The Removing Defendants argue that, because this Court has exclusive jurisdiction over the federal question present in Plaintiff's Complaint, they were not required to obtain consent of the remaining Defendants prior to removal. They further argue that consent is not required from the remaining Defendants because, although they had been served at the time of removal, the Removing Defendants' reasonable inquiry did not reveal as much. Finally, the Removing Defendants argue that they are not required to show that the federal question is substantial. Before determining whether removal was procedurally proper, the Court must first address whether the Complaint presents a federal question sufficient to allow for removal.

The party seeking removal carries the burden of establishing jurisdiction. Mulcahey v. Columbia Organic Chemicals, Inc., 29 F.3d 148, 151 (4th Cir. 1994). When jurisdiction is in doubt, remand is appropriate. Id. This is consistent with the clearly established law that United States courts are courts of limited jurisdiction. Lehigh Mining & Manufacturing. Co. v. Kelly, 160 U.S. 337, 327 (1895). The removal statutes are to be strictly construed, and must be applied in light of "the clear congressional intention to restrict removal." Able v. Upjohn Co.,Inc., 829 F.2d 1330, 1332 (4th Cir.1987). When removal is not clearly proper, the district court should decline to exercise jurisdiction. Id.; Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993).

Plaintiff's Complaint includes fifteen separate causes of action, most of which are clearly

based upon state law. The third cause of action is entitled "Violations of Securities Laws." Plaintiff alleges that "the actions of the Defendants Global Holdings, McAdams, Causey and the McNair Law Firm are in violation of the securities laws of South Carolina and the United States." Complaint ¶ 73. Plaintiff also incorporates the allegations set forth in a separate, federal action filed by the United States Securities and Exchange Commission (SEC) against McAdams and another member of Global Holdings. See Complaint ¶ 12-13.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (internal quotation marks omitted) (emphasis added). Plaintiff argues that "a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Plaintiff's Motion to Remand p. 8 (citing Dixon v. Coburg Dairy, Inc., 369 F.3d 811 (4th Cir. 2004)). However, state law does not create the violations of securities laws claim asserted by Plaintiff in its Complaint. Thus, Plaintiff's reliance on Dixon is misplaced.

In Dixon, the plaintiff alleged that his termination from employment violated S.C. Code Ann. § 16-17-560, which makes it "unlawful for a person to ... discharge a citizen from employment or occupation ... because of political opinions or the exercise of political rights and privileges guaranteed ... by the Constitution and laws of the United States or by the Constitution and laws of [South Carolina]." Dixon, 369 F.3d at 814-15 (citing S.C. Code Ann. § 16-17-560). The court stated "we must 'first discern whether federal or state law creates the cause of action.... In cases where

-3-

federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.'" Id. (citing Mulcahey, 29 F.3d at 151). Because the cause of action at issue in Dixon was created by state law, the court moved on to the next step in the analysis, regarding whether the plaintiff's right to relief necessarily depends on a question of federal law, and whether the question of federal law is substantial. Id. Here, it is unnecessary to reach this step because the claim that Defendants violated the securities laws of the United States arises under federal law.[1] Plaintiff asserts in its Reply that its claim for violations of securities laws should be read to allege only violations of state securities laws. However, nothing within the four corners of the Complaint leads to the conclusion that only state securities laws have been pleaded any more so than a conclusion that only federal securities laws have been pleaded. Rather, Plaintiff's Complaint asserts violations of both state and federal securities laws. Therefore, because federal law creates at least one cause of action, this court unquestionably has subject matter jurisdiction over this case.

Plaintiff also argues that removal was defective because the Removing Defendants failed to obtain consent from all served Defendants prior to removal. However, Plaintiff alleges that Defendants violated the securities law of the United States and incorporates the complaint in a related federal action filed by the SEC, which alleges violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. Such claims fall within the exclusive jurisdiction of this court. See 15 U.S.C. § 78aa(a) ("The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and

---

[1] Plaintiff's reliance on Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148 (4th Cir. 1994) and Beechwood Dev. Group, Inc. v. Konersman, 517 F.Supp.2d 770 (D.S.C. 2007) is equally misplaced as both of these cases involved state law causes of action that included some federal issue as an element of the claim. See Mulcahey, 29 F.3d at 149 (involving a negligence per se claim for violations of state and/or federal environmental statutes); Beechwood, 517 F.Supp.2d at 773-74 (involving a claim arising under state statute that required the interpretation of federal securities statutes).

-4-

regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."); Gross v. Weingarten, 217 F.3d 208, 224 (4th Cir. 2000). Because this court has exclusive jurisdiction over Plaintiff's federal securities claim, consent of all the served Defendants is not required. "While the unanimous consent of all defendants is usually a precondition to removal, it is not required where the federal courts have exclusive jurisdiction over a cause of action upon which removal is based." Ackerman v. Nat'l Prop. Analysts, Inc., No. 92 Civ. 0022, 1992 WL 84477, at *1 (S.D.N.Y. 1992) (holding removal proper, despite lack of co-defendant's consent, when plaintiff asserted a claim under Section 10(b) of the Exchange Act); see also State Med. Equip. Co. v. Farber, Civ. A. No. 95-2596, 1995 WL 339024, at *2 (E.D. Pa. 1995) ("Where federal courts have exclusive jurisdiction the requirement that all defendants must consent to removal must yield to logic, as there can be no way for any defendant to prevent removal of a case to federal court when that case can only be heard in federal court."); Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 113 n.3 (D. Puerto Rico 1988) ("Of course, if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove."). Accordingly, removal of this case was not defective as a result of the Removing Defendants' failure to obtain the consent of the remaining Defendants. Therefore, remand is not appropriate.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand (Document # 8) is **DENIED**.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 21, 2011
Florence, South Carolina